UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DASCOLA,

    Plaintiff,

vs.                              Case No. 2:14-cv-11296-LPZ-RSW
                                   Hon. Lawrence P. Zatkoff
                                   Magistrate Judge R. Steven Whalen

CITY OF ANN ARBOR and
JACQUELINE BEAUDRY,
ANN ARBOR CITY CLERK,

    Defendants,

and

SECRETARY OF STATE RUTH
JOHNSON,

    Proposed Intervenor-Defendant
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 16, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Currently before the Court is Proposed Intervenor-Defendant Secretary of State Ruth Johnson's motion to intervene [dkt. 34]. Plaintiff Robert Dascola and Defendants City of Ann Arbor and Ann Arbor City Clerk Jacqueline Beaudry have each responded to the motion to intervene. Proposed Intervenor-Defendant has indicated to the Court that it does not intend to file a reply to either of the responses submitted. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would

not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted without oral argument.  For the following reasons, Proposed Intervenor-Defendant's motion is GRANTED.

## II. BACKGROUND

On May 8, 2014, Plaintiff Robert Dascola ("Plaintiff") filed an Amended Complaint in this Court, alleging the City of Ann Arbor and Ann Arbor City Clerk Jacqueline Beaudry ("Defendants") were violating his rights under the Equal Protection Clause of the Fourteenth Amendment and his rights under 42 U.S.C. § 1983.  Plaintiff argued that, by attempting to enforce provisions of the Ann Arbor City Charter that were previously found unconstitutional and void, Defendants were impermissibly prohibiting Plaintiff from running for Councilmember in the Third Ward of the City of Ann Arbor.  On May 20, 2014, this Court entered judgment in favor of Plaintiff.  Specifically, the Court's May 20 Judgment stated:

> IT IS HEREBY ORDERED that Defendants are permanently enjoined from taking any action to enforce the provisions of Section 12.2 of the Charter of the City of Ann Arbor which were declared unconstitutional and void in *Daniel J. Feld, et al v. City of Ann Arbor and Harold Summers*, File No. 37342 (E.D. Mich. 1972) and *Human Rights Party, et al v. City of Ann Arbor, et al,* File No. 37852 (E.D. Mich. 1972) prior to re-enactment.
> IT IS FURTHER ORDERED that Plaintiff's request for Writ of Mandamus is GRANTED.
> IT IS FURTHER ORDERED that Defendants must accept and process any nominating petitions submitted by Plaintiff and determine his eligibility without regard to the voided provisions of Section 12.2 of the Charter of the City of Ann Arbor.

Pursuant to this Order, Defendants allege they arranged for Plaintiff to be on the primary ballot for Councilmember of the Third Ward.  On June 25, 2014, however, Defendants mailed absentee ballots without Plaintiff's name to 392 residents of the Third Ward.

On July 7, 2014, Plaintiff filed a post-judgment motion for additional injunctive relief. Plaintiff requests this Court enjoin Defendants from counting any votes cast for Third Ward Councilmembers on ballots which do not include Plaintiff's name in the list of candidates. On July 9, 2014, Defendants responded to Plaintiff's post-judgment motion, contending that they would take no position on whether the Court should grant Plaintiff's request. Instead, Defendants allege the dispute is primarily between the State of Michigan and Plaintiff, as "the Director of Elections has issued a directive to the [Defendant] City Clerk on this issue and the Secretary of State maintains statutory supervisory control over local election officials . . .."

On July 11, 2014, Proposed Intervenor-Defendant Secretary of State Ruth Johnson ("the Secretary of State") filed the instant motion, seeking permission from the Court to intervene in this matter as a party defendant and exercise all of the rights of a party in this action.

### III. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure ("Rule 24") provides federal district courts with the authority to permit interested parties to intervene in a matter before the court. Specifically, Rule 24(b)(2) deals with permissive intervention by a government officer or agency, stating:

> On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> A) a statute or executive order administered by the officer or agency; or
> B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

"A motion under Rule 24(b) is addressed to the sound discretion of the District Court." *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975).

3

## IV. ANALYSIS

In its motion to intervene, the Secretary of State alleges it has a substantial interest relating to the subject matter of the present action and that intervention is required to allow the Secretary of State to protect those interests. Namely, the Secretary of State argues that its "purpose in intervening is to defend [its] authority over Michigan elections and to protect the interests of voters in [the Third Ward], whose votes Plaintiff advocates disenfranchising." In addition, the Secretary of State asserts its interests are not adequately represented by any of the existing parties in this action, that the claims and defenses presented by the Secretary of State have questions of law that are common to this action, and that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. As such, the Secretary of State seeks intervention pursuant to Rule 24.[1]

Plaintiff asserts the Secretary of State does not have a substantial interest relating to the subject matter of this case. Plaintiff argues that the underlying issue in this case is not about whether the Secretary of State possesses the general authority to direct the specific actions taken by clerks in local elections. Instead, Plaintiff contends the case is about his equal protection rights, and whether or not additional judicial action is necessary to ensure that those rights are not violated. Plaintiff thus argues that intervention should not be permitted in this matter.

Granting permissive intervention pursuant to Rule 24(b)(2) is contingent on whether a party's claim or defense is based on the factors contained in the rule. Although the Court agrees with Plaintiff's contention that he has not explicitly raised a claim based on these factors, the same cannot be said for Defendants. Although Defendants allege to take "no position" in a 22-page response to Plaintiff's post-judgment motion, Defendants' brief quite clearly states that the

---

[1] Although the Secretary of State seeks intervention of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b), the Court's Order will only address the latter argument.

4

authority of the Secretary of State to direct Defendants' actions in the Third Ward primary election is an issue "the Court will need to address." Dkt. 32, p.13. Additionally, six of the 22 pages contained in Defendants' response brief deal with the Secretary of State's purported authority to direct the actions of local election officials, alleging numerous ways in which Plaintiff's position contradicts with various statutes and judicial decisions.

As such, the Court finds for purposes of its Rule 24(b)(2) analysis – and despite Defendant's veiled attempt to take no position in this matter – that Defendants present a "claim or defense" based on "any regulation, order, requirement, or agreement issued or made under [a] statute or executive order" of the Secretary of State. Further, the Court finds that permissive intervention in this matter will not cause unduly delay or prejudice: the Court has consistently adhered to the parties' requests for expedited consideration and will continue to promptly address the issues before it.

### V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Proposed Intervenor-Defendant Secretary of State Ruth Johnson's Motion to Intervene [dkt. 34] is GRANTED.

IT IS FURTHER ORDERED that Intervenor-Defendant has until 5:00 p.m. on Wednesday, July 16, 2014, to file its response marked as Exhibit 1 in its Motion to Intervene.

IT IS FURTHER ORDERED that Plaintiff has until 2:00 p.m. on Friday, July 18, 2014, to file a reply to Intervenor-Defendant's response.

IT IS SO ORDERED.

Date: July 16, 2014

s/Lawrence P.Zatkoff  
HON. LAWRENCE P. ZATKOFF  
U.S. DISTRICT COURT